No. 12,426.

## MIDDAUGH v. THE STATE.

CRIMINAL LAW.— *Winning Money upon Game or Wager.*— *Pool.*— *Indictment.*—Under section 2081, R. S. 1881,.an indictment charging, in substance, that the defendant did unlawfully play for money, to wit, ten cents, at and upon a certain game of pool, played by him with two named persons upon a. billiard and pool table, and did unlawfully win from one of such persons,· naming him, the sum of ten cents, etc., is sufficient.

SAME.— *Insufficiency of Evidence to Sustain Conviction.*—Evidence that the defendant and two other persons had played a game of pool in the defendant's saloon, that the amount played for was ten cents, and that one of such persons lost the game and paid for it, but not showing to whom, is not sufficient to sustain a conviction.

SAME.— *Winning upon Game Implies Wager.*—Winning at or upon a game implies a wager of some kind.

From the Henry Circuit Court.

*J. Brown* and *W. A. Brown*, for appellant.

*F. T. Hord*, Attorney General, and *W. B. Hord*, for the State.

NIBLACK, J.—This was a prosecution by indictment against Middaugh, the appellant, for winning ten cents from one Jeffreys on a game of pool. A motion to quash the indictment being first overruled, a jury returned a verdict of guilty as charged, and notwithstanding an objection to the sufficiency of the evidence to sustain the verdict, the appellant was adjudged to pay a fine of twenty-five dollars.

The indictment charged "that Clark Middaugh, at said county" (of Henry), "on the 4th day of October, A. D.

1884, did then and there unlawfully play for money, to wit, the sum of ten cents, at and upon a certain game of pool played by him with John Cox and Homer Jeffreys upon a billiard and pool table, and did then and there, and thereby, unlawfully win, of and from said Homer Jeffreys, the sum of ten cents, of the current and lawful money of the United States, of the value and denomination of ten cents."

So much of section 2081, R. S. 1881, under which this indictment was returned, as has any special application to the facts charged, reads as follows: "Whoever, by playing or betting at or upon any game or wager, * * * * either loses or wins any article of value, shall be fined in any sum not more than one hundred dollars nor less than five dollars, to which may be added imprisonment in the county jail not more than three months nor less than ten days."

Applying this section of the statute to the facts charged, we see no objection to the substantial sufficiency of the indictment.

Cox, one of the persons named in the indictment, was the only witness examined at the trial. He testified, that at the time named in the indictment, the appellant kept a saloon in Newcastle, in Henry county, called the Arcade; that he had played pool with persons in the appellant's saloon; that at one time, during the fall or early part of the winter in the year 1884, he had played pool in that saloon with Homer Jeffreys and the appellant; that the amount played for at that game was ten cents; that Jeffreys lost the game and paid for it. This was the substance of all the evidence given at the trial. This evidence palpably failed to prove that the appellant won ten cents, or any other sum, from Jeffreys, by means of or upon the game to which the witness referred. The witness did not, as will be observed, state to whom Jeffreys lost the game, nor whom he paid for it. Jeffreys may have lost the game and paid some person for it, and yet the appellant may not have been the winner. Nor did it follow from the statements of the witness, that Jeffreys lost the game

upon a wager, either express or implied. Winning at or upon a game implies a wager of some kind. The verdict was, consequently, not sustained by sufficient evidence, and a new trial ought to have been granted.

The judgment is reversed, and the cause remanded for a new trial.

